# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMELLO DARWIN,<br><br>             Plaintiff,<br><br>v.<br><br>MUNICIPAL CREDIT UNION and MARK RICCA,<br><br>             Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO:   UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Municipal Credit Union and Mark Ricca hereby remove the state court action, *Romello Darwin v. Municipal Credit Union and Mark Ricca,* Index Number 703045/2021, Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York. Removal is warranted under 28 U.S.C. § 1441(a) because Plaintiff's Summons with Notice asserts claims arising under federal law over which this Court has original jurisdiction pursuant to 20 U.S.C. § 1331. Additionally, any related state and common law claims arising from the same case or controversy as Plaintiff's federal law claim(s) are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In support of this notice and grounds for removal, Defendants states as follows:

1.   On February 9, 2021, Plaintiff Romello Darwin ("Plaintiff"), *pro se*, initiated this lawsuit by filing a Summons with Notice together with an Affidavit of Final Notice of Default in the Supreme Court of the State of New York, County of Queens ("State Court Action"). A copy of the Summons with Notice together with the Affidavit of Final Notice of Default is attached hereto as **Exhibit A**.

2. The Summons with Notice alleges that Defendant "committed several federal violations against [Plaintiff], a Private law abiding Federally Protected Consumer." The Affidavit of Final Notice of Default references violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692c-g and §1692j. See **Exhibit A**.

3. On February 16, 2021, Plaintiff filed a Violation Warning of the Denial of Rights Under Color of Law in the State Court Action. A copy of the Violation Warning of the Denial of Rights Under Color of Law is attached hereto as **Exhibit B**.

4. On February 17, 2021, Plaintiff filed a Supplemental Summons with Notice, again alleging that "Defendant has committed several federal violations against [him], a Private law abiding Federally Protected Consumer." A copy of the Supplemental Summons with Notice is attached hereto as **Exhibit C**.

5. Also on February 17, 2021, Plaintiff filed a Common Law Copyright Notice together with a Limited Power of Attorney appointing himself with power of attorney over "Darwin Romello d/b/a ROMELLO DARWIN."  A copy of the Common Law Copyright Notice together with the Limited Power of Attorney is attached hereto as **Exhibit D**.

6. On February 23, 2021, Plaintiff filed an Affidavit of Service that fails to identify the specific papers that were served and merely indicates that he delivered something to the United States Postal Service.

7. The aforementioned papers constitute all of the process, pleadings, and orders served on Defendants prior to the removal of this action.

8. No Complaint has been filed in the State Court Action or served upon Defendants.

**I.     Jurisdictional Basis for Removal – Federal Question**

9. Under the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, this Court has original jurisdiction over all claims arising under the laws of the United States.

10. Here, Plaintiff's allegations of "federal violations" in the Summons with Notice, presumably referring to the FDCPA, constitute claims being brought under the laws of the United States.

11. Accordingly, this action presents claims arising under the laws of the United States, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

**II.    Supplemental Jurisdiction over Plaintiff's Additional Claims – Same Case or Controversy**

12. In addition to jurisdiction over any of Plaintiff's claims under federal law, this Court has supplemental jurisdiction over any of Plaintiff's related state and common law claims should Plaintiff plead any such claims in the Complaint. Specifically, 28 U.S.C. § 1367 confers jurisdiction to this Court over all claims which form part of the same case or controversy as the claim(s) over which the Court has original jurisdiction.

**III.   Removal to this Court is Otherwise Proper**

13. This notice is being filed within 30 days of service upon Defendants, and thus is timely under 28 U.S.C. § 1446(b).

14. The United States District Court for the Eastern District of New York embraces the county in which the state court action is now pending, and thus this Court is the proper venue for this action.

15. In accordance with 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Supreme Court of the State of New York, County of Queens,

and a Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff.

16.  If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

17.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter including, without limitation, the defenses of: 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law.

**WHEREFORE,** Defendants respectfully remove this action from the Supreme Court of the State of New York, County of Queens, to this Court, pursuant to 28 U.S.C. § 1441.

Dated: March 8, 2021

                                           **GORDON REES SCULLY MANSUKHANI, LLP**
                                           *Attorneys for Defendants*
                                           *Municipal Credit Union and Mark Ricca*

                              By: *s/ Peter G. Siachos*
                                           Peter G. Siachos, Esq.
                                           One Battery Park, 28th Floor
                                           New York, New York
                                           Telephone: (212) 269-5500
                                           Facsimile: (212) 269-5505
                                           Email: psiachos@grsm.com

## **CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Notice of Removal with exhibits together with the Notice to State Court of Filing Notice of Removal were sent via United States regular mail to:

Romello Darwin
P.O. Box 921231
Arverne, NY 11692

*s/ Peter G. Siachos*
Peter G. Siachos, Esq.