```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROMELLO DARWIN,                                            :
                                                           :
                    Plaintiff,                             :
                                                           :
           v.                                              :    MEMORANDUM & ORDER
                                                           :    21-CV-1240 (WFK) (TAM)
MUNICIPAL CREDIT UNION, et al.,                            :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**:
Romello Darwin ("Plaintiff") brings this action against Municipal Credit Union and Mark Ricca for "federal violations" and violations of the Fair Debt Collection Practices Act ("FDCPA"). For the following reasons, this action is hereby dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On March 8, 2021, Municipal Credit Union and Mark Ricca ("Defendants") removed the state court action, *Romello Darwin v. Municipal Credit Union and Mark Ricca*, Index Number 703045/2021, from the Queens County Supreme Court of the State of New York to this Court pursuant to 28 U.S.C. § 1441(a). Notice of Removal, ECF No. 1. Plaintiff initiated this action on February 9, 2021 by filing a Summons with Notice together with an "Affidavit of Final Notice of Default" in the Supreme Court of the State of New York, County of Queens. *Id.* ¶ 1. On June 25, 2021, Defendants moved to dismiss this action for failure to state a claim. Def. Mot., ECF No. 22.

## DISCUSSION

**I.   Subject Matter Jurisdiction**

The Court determines it lacks subject matter jurisdiction over this action based on the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ("*TransUnion*") and the Second Circuit's decision in *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021) ("*Maddox II*").

1

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court has "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC*, 141 S. Ct. at 2203. A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id.* Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims. *Id*.

Even where Congress has created a statutory cause of action, a violation of that statute is not necessarily sufficient to establish an injury-in-fact for purposes of establishing Article III standing. While "Congress may create causes of action for plaintiffs to sue defendants," "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205 (emphasis in original).

Plaintiff initiated this action by filing a Summons with Notice together with an "Affidavit of Final Notice of Default" stating eighteen claims against Defendants which appear to stem from conduct from August 23, 2016 and January 10, 2017.[1] Sixteen of the eighteen claims are alleged under the FDCPA,[2] and the other two claims are described as "identity thief" and

---

[1] Plaintiff does not expressly state the date of any violation, but states, "I affirm all rights be reserved nunc pro tunc now 02/05/2021 for then 08/23/2016 & 01/10/2017 pursuant to FDCPA and 15 USC 1692a (3) . . . ." Affidavit of Final Notice of Default at 1.

[2] These claims allege "Communication without prior consent, expressed permission"; "Harass and oppressive use of intercourse about an alleged debt"; "Attacking my reputation, accusing me of owing an alleged debt to you"; "Use of obscene or profane language on my report (saying I owe you a debt)"; "Using false, deceptive or misleading representations"; "False representation of the character and amount of the alleged debt"; "False representation of any service rendered or compensation"; "Communicating false information"; "Use/distribution of communication with authorization or approval"; "False Representation (not a party to alleged debt by my consent)"; "False

"invasion of individual and family privacy." Affidavit of Final Notice of Default at 2, ECF No. 1-1. Beyond the bare allegations of FDCPA violations, Plaintiff does not allege any particularized, concrete harm he suffered. The only possible statement of injury may be found in the "Statement of Damages" section of Plaintiff's "Affidavit of Final Notice of Default," where he includes within the subsection "Additional Assesed [*sic*] Damages" the following text: "Emotion [*sic*] distress, Defamation of character, other unseen injuries." *Id*. at 3. Even assuming this assertion is attributable to the claimed violations of the FDCPA, this statement lacks the requisite specificity to establish injury in fact. "A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." *Maddox II,* 19 F.4th at 66. Plaintiff provides no detail, in any submission filed in this action, describing any emotional or other injury, and provides no detail of any actions taken by Defendants. Thus, here, as in *Maddox*, Plaintiff has failed to allege any particularized or concrete injury resulting from his claims that Defendant violated the FDCPA. Nor has Plaintiff asserted a sufficient likelihood of future harm to establish such injury.

The Court lacks jurisdiction over the FDCPA claims in this action, and therefore also lacks supplemental jurisdiction over Plaintiff's related claims of "identity thief" and "invasion of individual and family privacy," insofar as those statements may be considered to allege state law causes of action. 28 U.S.C. § 1367.

Because Plaintiff has not asserted an injury in fact sufficient to establish Article III standing, the Court dismisses this action for lack of subject matter jurisdiction. *Juliano v.*

---

representation/implication (innocent purchasers for value)"; "Unfair Practices attempting collect an alleged debt"; "Attempting to collect a debt unauthorized by an agreement between parties"; "Certifiable Validation and Verification of alleged debt(s)"; and "Furnishing certain deceptive forms. (You are not a party in the alleged debt)". Affidavit of Final Notice of Default at 2.

3

*Citygroup, N.A.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) (Mauskopf, J.) ("[A] district court has an unflagging duty to [dismiss] *sua sponte* whenever jurisdiction appears to be lacking.").

    **II.**    **Failure to State a Claim**

Even if the Court had jurisdiction to hear this action, the Court would nonetheless grant dismissal because Plaintiff's filings fail to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleading standard of Rule 8 does not require "detailed factual allegations," but demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

A defendant may move to dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted before filing a responsive pleading. Fed. R. Civ. P. 12(b)(6). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [the] plaintiff's favor." *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013). Nonetheless, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, a pro se plaintiff's complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).  A pro se plaintiff is nevertheless required to satisfy the same pleading requirements.  A pro se plaintiff's "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 524–25 (S.D.N.Y. 2013) (Karas, J.) (quoting *Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010) (Bianco, J.)).  That being said, a court "cannot invent factual allegations that [the pro se plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . .  Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (Howell, J.) (quoting *McCall v. Pataki*, 232 F.3d 322 (2d Cir. 2000)).

As a threshold matter, pursuant to 15 U.S.C. § 1692k(d), any action to enforce liability created by the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  In Plaintiff's Affidavit of Final Notice of Default, he appears to allege violations occurring on August 23, 2016 and January 20, 2017.  Plaintiff commenced this action in state court on February 9, 2021, more than four years later, and therefore his claims are barred by the statute of limitations.

Aside from being time-barred, Plaintiff's submissions do not identify any specific communication or other conduct of the Defendants on which his eighteen claims might be based, nor do they contain factual allegations that would "allow[] the court to draw the reasonable

5

inference that the defendants[s are] liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The Plaintiff's pleadings thus fail to state a claim upon which relief may be granted and are properly dismissed.

## CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to the Plaintiff.

SO ORDERED.

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2022
      Brooklyn, New York